**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NATHANANIEL GILBERT,

      Petitioner,

v.                                                                     Case No. 09-11223

PATRICIA BARNHART,

      Respondent.

_____/

**ORDER DENYING THE MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Nathaniel Gilbert presently confined at the Thumb Correctional Facility

in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction of

first-degree felony murder.[1]  On April 3, 2009, Petitioner filed a motion for the

appointment of counsel.  For the reasons stated below, Petitioner's motion for the

appointment of counsel will be denied.

There is no constitutional right to counsel in habeas proceedings.  *See Cobas v.*

*Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a

federal habeas petitioner is within the discretion of the court and is required only where

the interests of justice or due process so require.  *Mira v. Marshall*, 806 F.2d 636, 638

(6th Cir. 1986).  "[H]abeas corpus is an extraordinary remedy for unusual cases" and

the appointment of counsel is therefore required only if, given the difficulty of the case

---

[1] Mich. Comp. Laws § 750.316(1)(b).

and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.  *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary.  *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action.  *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.  *Id.*

In the present case, Petitioner has filed a petition for writ of habeas corpus, in which he raises three claims for relief.  In support, Petitioner has filed a forty-three page memorandum of law, which appears to be the appellate brief Petitioner's appellate counsel, Lawrence Katz, filed on behalf of Petitioner in his direct appeal in state court. After a preliminary review of the petition for writ of habeas corpus and accompanying memorandum of law as well as the Government's response and Rule 5 materials, the court finds that the interests of justice at this point in time do not require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Further, at this point it does not appear that the court will need to conduct an evidentiary hearing.  *See Satter*, 976 F. Supp. at 885.  Accordingly,

IT IS ORDERED that the "Motion For Appointment of Counsel" [Dkt. # 2] is

DENIED WITHOUT PREJUDICE. After a more thorough review of the materials, the

court may reconsider Petitioner's motion if the court determines that appointment of

counsel becomes necessary. Petitioner need not file an additional request.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 19, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 19, 2009, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-11223.GILBERT.Appt.Counsel.npk.wpd